## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-CR-59-HDC/SAJ |
| | ) | |
| MARC ALAN WADDELL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The above-styled action was referred by the District Judge for Pretrial Hearing

and Report and Recommendation on Defendant's Motion to Suppress. [Dkt.#15]

Pretrial and requested evidentiary hearing on the motion was held on August 28,

2006. The parties appeared and announced the motion could  be submitted on the

briefs, without need for evidentiary hearing. There being no other matters to be

resolved at pretrial hearing, the Court enters the following Report and

Recommendation.

## I. MOTION TO SUPPRESS

Defendant seeks to suppress from use at trial the following:

a. Any physical evidence seized from the Defendant, his vehicle or his home,

on October 18, 2005;

b.  Any statements obtained from the Defendant during the search, arrest, or subsequent detention; and,

c.  Any evidence obtained, directly or indirectly, as a result of any unlawfully seized evidence.

Defendant  urges the evidence should be suppressed based upon the search warrant having been issued without probable cause. Defendant urges the affidavit in support of the search warrant is so devoid of factual support that no reasonably well-trained officer could have relied upon it; thus, the "good faith" doctrine does not apply.

The search warrant was sought by Investigator Tom Nave ("Nave") of the District 10 Drug Task Force on October 18, 2005, after he learned that four nights before, on October 14, 2005, Osage County Deputy Laird ("Laird") had responded to a "noise disturbance call" at Defendant's residence. When Laird arrived at the residence, Defendant's  neighbor, the person with whom Defendant was actively engaged in the "noise disturbance", told Laird that he had seen Defendant with a long gun.

Nave reviewed Defendant's file at the District 10 Drug Task Force office and learned that during service of a previous search warrant at Defendant's residence, officers found Defendant in possession of numerous assault rifles, shotguns, handguns, methamphetamine and a methamphetamine laboratory.  Defendant's previous criminal history revealed that he had  prior arrests for burglary, weapons

and drug violations, and violent crimes. Defendant was on unsupervised probation, a condition of which was that he not possess or carry any concealed weapons or firearms.  Defendant could not legally possess firearms in any event because of his prior felony convictions.

Nave contacted Defendant's ex-wife, Tamera, who told Nave that the Defendant had at least eight hidden compartments in his residence and the outbuilding, in which he stored guns and illegal drugs. She specifically described a compartment hidden in the master bedroom, the location of which was confirmed by Task Force Investigator Eddie Virden, who had been inside Defendant's residence when the prior search warrant was executed.

Nave had previously received information from law enforcement officers and informants that Defendant was involved in several burglaries in Osage and Washington Counties. Osage County deputies told Nave they believed Defendant possessed firearms stolen from houses in both counties. Nave had personal knowledge of Defendant's interest in weapons.

Based upon this information, Nave prepared an affidavit which he submitted to Osage County Judge Kane, at the Osage County Courthouse, on the afternoon of October 18, 2005. Judge Kane reviewed the affidavit and issued a warrant authorizing a search of Defendant's residence.

The search warrant was served and Defendant was charged in a two count indictment with possession of an Unregistered Firearm and Felon in Possession of

a Firearm. Defendant is not charged in this indictment in connection with any drugs or alleged stolen property, which articles were also included within the scope of the search warrant.

Defendant urges the affidavit upon which the search warrant was issued was insufficient as a matter of law, citing *United States v. Nolan*, 199 F.3d 1180 (10th Cir. 1999). *Nolan* provides that the test to determine sufficiency of an affidavit is whether the facts presented in the affidavit would "warrant a man of reasonable caution" to believe that evidence of a crime will be found at the place to be searched, citing *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed. 2d 527 (1983),    For probable cause to exist, there must be a nexus between the items sought to be seized or the suspected criminal activity and the place to be searched.   *United States v. Rowland,* 145 F.3d 1194 (10th Cir. 1990).

Defendant asserts the "noise disturbance" call which occurred four days before the search  warrant was issued is insufficient as a matter of law because Laird apparently did not see the gun himself, but relied upon the statement of the disgruntled neighbor with whom Defendant was involved in the "noise disturbance" when Laird arrived. Defendant urges that the neighbor is inherently unreliable because he was a combatant who was engaged in "cursing, threatening and yelling" with Defendant when Laird arrived. Defendant asserts that no mention is made of what happened to the gun and the affidavit makes no connection between what the neighbor claims to have seen, and what might be inside Defendant's home.

4

This Court must look to the totality of circumstances in determining whether the affidavit provided sufficient reason to believe that illegally possessed firearms would be found at Defendant's residence. In this instance, Laird knew the identity of the informant neighbor.  This in itself has been found to create a disincentive for making a false statement.  *Cf. United States v. Johnson*, 364 F.3d 1185 (10ᵗʰ Cir. 2004).  The Court notes that making a false report to a law officer could subject the false reporter to criminal charges.  The neighbor was relaying firsthand information to Laird, who was in a position to observe his demeanor and form an opinion as to the motive for the information being conveyed.  *See Illinois v. Gates*, 426 U.S. 213 (1983). A reasonable man could conclude a neighbor with a gun could pose a threat to his personal safety, particularly where there was a dispute between them.  Laird also knew the identity of Defendant.

Officer Nave corroborated the information from several perspectives. Nave learned Defendant was a convicted felon. This alone made possession of a firearm a crime.  He learned that a search warrant served five years before at Defendant's residence had uncovered firearms and drugs and that Defendant was on probation for his convictions relating to the prior arrest.  He learned that Defendant was suspected of possessing stolen property, including firearms. This suspicion did not form the basis for obtaining the search warrant it this case, Rather, it served to corroborate the neighbor-informant's account. Consistent information from independent sources strengthens the reliability of the primary informant.  *United*

*States v. Le*, 173 F.3d 1258 (10th Cir. 1999).

Officer Nave contacted an officer in the prior search and thereafter, the Defendant's ex-wife, to further corroborate the information he had received. The Court notes there is nothing in the affidavit to establish the last time the ex-wife was present or had access to Defendant's residence. However, in light of the fact the information from her and from the officer involved in the earlier search was corroborative of the probability of continuing criminal activity, the Court may consider their statements even when the statements may relate to information that is stale. *United States v. Medlin*, 798 F.2d 407 (10th Cir. 1986). The information received from the Osage County officers further supports the probability of continuing criminal activity taking place close to the present time.

Viewing all the allegations in the affidavit in their entirety supports the probability that evidence of a crime,  felon in possession of a firearm, would be found at the residence. The issuing Judge had a substantial basis for finding a fair probability that contraband or other evidence of a crime would be found at the Defendant's residence.

Alternatively, the Court concludes the executing officers reasonably relied in good faith upon the search warrant issued by a neutral magistrate. *United States v. Leon ,* 468 U.S. 897 (1984).

## II. RECOMMENDATION

The Court recommends the Motion to Suppress  [Dkt.#15] be denied as set

forth herein.

## III. OBJECTIONS

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within 10 days of being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). *See also* 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1059 (10th Cir. 1996) (*quoting Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the**

**court of appeals.**  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Haney v. Addison*, 175

F.3d 1217 (10th Cir. 1999); and *Talley v. Hesse*, 91 F.3d 1411 (10th Cir. 1996).

Dated this 29th day of August 2006.

Sam A. Joyner
United States Magistrate Judge