IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CR-59-HDC |
| ) | |
| MARC ALAN WADDELL, ) | |
| ) | |
| Defendant. ) | |

ORDER

On August 29, 2006, the Magistrate Judge entered a Report and Recommendation that the motion to suppress filed by the defendant on July 24, 2006, be denied. Currently before the Court for consideration is the defendant's objection to the Magistrate's recommendation. [Dkt. # 28]. The Magistrate Judge issued his report based on the defendant waiving an evidentiary hearing, and the matter being submitted on the pleadings. The Court has conducted a de novo review of the pleadings filed herein and from that review finds and concludes as follows.

The defendant seeks suppression of the evidence obtained from the search of his residence on October 28, 2005, by claiming that the affidavit in support of the search warrant issued by a state magistrate lacked probable cause. The search warrant authorized the seizure of all firearms, also any drug paraphernalia, chemicals, illegal drugs, formulas, telephone answering machine tapes, devices on which information can be stored either electronically or digitally, drug records, records to reflect dominion and control, money and unexplained income as well as receipts.

The defendant seeks suppression of the evidence by claiming that the state magistrate who issued the warrant did not have enough information to justify a search for either guns or drugs because: Deputy Laird lacked personal knowledge that the defendant possessed a firearm, and that other information contained within the affidavit was stale and unreliable.

When reviewing a state magistrate's finding of probable cause for issuance of a search warrant, the court must "consider the totality of the circumstances and determine whether the affidavit established the probability that evidence of criminal activity would be located in the desired search area." United States v. LE, 173 F.3d 1258, 1265 (10th Cir. 1999). "A magistrate's determination that probable cause exists is entitled to great deference, and we ask only whether the issuing magistrate had a substantial basis for determining probable cause existed." Id.

From a review of the affidavit in support of issuance of the search warrant, the Court finds that the "probability of evidence of criminal activity" was established by the neighbor's immediate statement to Deputy Laird upon his arrival at the scene of the disturbance that the neighbor had seen the defendant in possession of a long gun during their argument. The argument was still ongoing when Deputy Laird arrived and the deputy observed that "both parties were cursing, threatening and yelling at each other." There is no evidence that the defendant disputed the neighbor's statement that he was in possession of a firearm. Further the fact that Deputy Laird did not personally observed the firearm is irrelevant to the issue. To establish probable cause for issuance of a search warrant, there must be a showing of a nexus between the place to be searched and the items to be seized. United States v. Nolan, 199 F.3d 1180, 1183 (10th Cir. 1999). "To establish the required nexus, the affidavit supporting the search warrant need not contain direct evidence or personal knowledge that the items sought are located at the place to be searched. Rather, the issuing magistrate judge may draw reasonable inferences from the material provided in the warrant application." Id. Thus, the law does not require the deputy to have personally observed the defendant in possession of the firearm. It is sufficient for the deputy to provide through a sworn affidavit the circumstances in which he was advised that the defendant had been in immediate possession of a firearm. This

attestation was a sufficient nexus to link the firearm to the search of the defendant's residence.

The other information contained within the affidavit was corroborating information which reasonably supported the magistrate's finding of probable cause. The previous search warrant executed on defendant's residence, other informants having observed the defendant in possession of firearms "over the past year", the deputy's knowledge of defendant's "keen interest" in firearms, the ex-wife's knowledge of the defendant's history of possession of drugs and firearms, and the defendant's criminal history are all substantiating evidence which clearly shows the defendant's ongoing and continuous engagement in criminal activity. It is clear that the "nexus evidence" relied upon by the magistrate can not be based on stale information. In this case, the "nexus evidence" was the neighbor's statement four days earlier that he had observed the defendant in immediate possession of a firearm. The additional information gathered by the deputy was merely cumulative to help establish that the firearm recently seen by the neighbor was located in the defendant's residence or curtilage thereof. Whether information relied upon by a magistrate is timely, does not depend on the amount of time which has elapsed between the facts relied upon and the issuance of the search warrant. Instead, whether the information is too stale to establish probable cause depends upon "the nature of the criminal activity, the length of the activity, and the nature of the property to be seized." United States v. Snow, 919 F.2d 1458, 1460 (10th Cir. 1990). The defendant's criminal history revealed that he was arrested in 2000, for Assault and Battery with a Dangerous Weapon, Carrying Firearms After Conviction and During Probation, and After Former Conviction of Possession of a Controlled Substance. It also revealed that the defendant was currently on unsupervised probation at the time he was observed in possession of a firearm. The deputy was told by other informants that the defendant had been seen in possession of firearms and narcotics within

the past year, the deputy knew from speaking to the defendant that he had a "keen interest in and vast knowledge of assault type firearms", and defendant's ex-wife identified and verified the location in the defendant's residence where the defendant hid firearms and narcotics. This information gives rise to the probability that the defendant was engaged in a systematic, ongoing, and continuous possession of dangerous firearms and possibly illegal narcotics. "Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." United States v. Nolan, 199 F.3d at 1182-3.

Accordingly, the Court hereby accepts the Report and Recommendation of the Magistrate Judge and adopts it as further findings and conclusions of this Court. The defendant's objections to the report are DENIED. [Dkt. #28].

IT IS THEREFORE ORDERED that the defendant's motion to suppress filed on July 24, 2006 is hereby DENIED. [Dkt. #15]

IT IS SO ORDERED this 13th day of September, 2006.

_____
HONORABLE H. DALE COOK
Senior United States District Judge